PELL *et al.* v. BAUR *et al.*

(*City Court of Brooklyn, General Term.* November 23, 1891.)

1. PARTNERSHIP—EVIDENCE—BUILDING CONTRACTORS.

A mason and a carpenter furnished separate estimates to the owner of a lot for work, in the erection of a building thereon, to be done by each according to his craft. These estimates were separately accepted, but only one contract was made between the owner, of the first part, and the mason and the carpenter, of the second. Payments as the work progressed were made to either indifferently, and were di-

vided between themselves in the proper proportion. In their notice of lien they described themselves as contractors, and their claim as arising under a single contract, the notice being verified by both. The carpenter assigned his interest to the mason, describing them both in the assignment as claimants for the whole amount of the lien. *Held,* that these facts are sufficient to sustain a finding that they were partners as to the work done and the lien claimed therefor, though both testify that they had no intention of becoming partners.

2. MECHANICS' LIENS—MATERIAL USED—PRIORITIES.

Persons who furnish lumber on credit to the carpenter have a remedy against his partner, the mason, as well, though their notice of lien names the carpenter only as the person to whom the lumber was furnished; and, such persons being subcontractors, their lien, under section 20 of the New York mechanics'-lien law, is prior to that of the mason and carpenter.

3. TRIAL BY COURT—FINDINGS OF FACT AND CONCLUSIONS OF LAW.

Code Civil Proc. N. Y. § 1022, provides that the trial judge, on rendering his decision in a case tried by the court, shall state separately the facts found and the conclusion of law thereon. Section 1023 provides that either party may submit a statement of facts that he considers established by the evidence, and of rulings that he desires on questions of law, and that the court must pass upon them. *Held,* that these sections do not limit the judge, in any decision that he may make, to finding, or refusing to find, on the propositions submitted to him by the parties.

Appeal from special term.

Action by Charles E. Pell and David Dannat against Christian Baur, impleaded with Claus Schloen, Matthew Thornton, John E. Tweed, and Alexander Hilzinger. After trial by the court there was judgment for plaintiffs and for defendant Tweed, from which defendant Baur appeals. Judgment affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

*H. M. Hitchings,* for appellants.  *A. Shiland, Jr.,* for respondents.

OSBORNE, J.  This action was brought to foreclose a mechanic's lien filed by plaintiffs, and the defendant Baur appeals from so much of the judgment rendered by the special term of this court as decrees that plaintiffs have a lien next in priority to that of the defendant Tweed, to the extent of $2,002.68, and interest on the fund deposited in court by the defendant Schloen, who was the owner of the premises affected by the liens filed by plaintiffs and the other defendants. It appears from the case on appeal that on August 13, 1890, the defendants Matthew Thornton and Christian Baur entered into a written contract with the defendant Schloen to erect and finish the new buildings on the south-east corner of Hall street and Saratoga avenue, in this city, agreeable to architect's drawings and specifications, and to provide all material proper and sufficient for the completing and finishing "all the mason, iron, carpenter, tinner, painter, plumber, and other works of the said buildings," for the sum of $19,050, to be paid in seven different installments, as provided in said contract; that between September 2, 1890, and January 16, 1891, plaintiffs sold to defendant Thornton lumber and timber used in the erection of said buildings, to the amount of $2,002.68; that on January 19, 1891, at 9:04 A. M., plaintiffs filed the notice of lien sought to be foreclosed herein for the lumber and timber so furnished by them. The defendant Baur, in his answer, sets up that he is a mason, and defendant Thornton is a carpenter; that he furnished an estimate to the owner for the furnishing of all the brick, stone, and mason work for the buildings, and that defendant Thornton likewise furnished an estimate to the owner to furnish all the carpenter, plumber, tinner, painter, and other work upon said buildings; that the estimates of both Baur and Thornton were separately accepted by the owner; that, for the convenience of all parties, only one contract was made and drawn between the owner, of the first part, and said Baur and Thornton, of the second part, which included the entire work upon the buildings, but that the interests of Baur and Thornton were separate and distinct; that, as the work progressed, the owner paid to Thornton and to Baur the amounts coming to each of them, according to their respective estimates for the work done

by them severally; denies that he ever purchased any lumber or timber from the plaintiffs; that on January 17, 1891, Baur and Thornton executed a notice of lien for $5,050, the balance due and unpaid under said contract; that immediately thereupon Thornton assigned all his interest in said notice of lien, and the moneys due thereunder, to defendant Baur, and Baur then executed an agreement to pay, out of the moneys received by him under said notice of lien, the sum of $2,700, alleged to be the balance coming to Thornton, to various material-men to whom Thornton was indebted; that on January 19, 1891, at 9:01 A. M., said notice of lien and the assignment thereof were duly filed. Baur then prays judgment of foreclosure of the lien of Thornton and Baur, so filed by him, as a first lien. The defendant Schloen paid into court the sum of $4,532, which was accepted in discharge of the liens filed against his premises. Defendant Hilzinger, a subsequent lienor, made default in pleading. The judgment rendered provided for the payment of the lien filed by defendant Tweed as a first claim on the fund paid into court, and no exception is taken thereto. The judgment further provided that, out of the moneys so deposited in court, there should next be paid to plaintiffs the sum of $2,002.68, with interest and costs, and that defendant Baur is entitled to the balance. The contention of the defendant Baur is that, out of the funds so deposited as aforesaid, there was due to the defendant Thornton, on his separate estimate, a balance of $2,182, and to the defendant Baur, on his separate estimate, the sum of $2,350; and that, by the filing of the notice of lien by Thornton and Baur three minutes before that of plaintiffs', and the assignment by Thornton to Baur of Thornton's interest in their notice of lien, as well as by reason of the imperfections of plaintiffs' lien, Baur became entitled to a judgment in his favor for the whole of said deposit, less the amount of Tweed's lien, and this appeal, as before stated, is from so much of the judgment as gives plaintiffs a priority of payment over Baur.

The learned trial judge has found that the defendants Thornton and Baur were partners in the erection of the buildings in question. Exception is taken by the appellant Baur to this finding, and it is very plain that the judgment in favor of plaintiffs is largely dependent upon the correctness of this conclusion. It appears from the evidence, and is so found, that, prior to the execution of the written contract, Schloen, the owner, received a written estimate from Thornton to furnish all the carpenter, timber, plaster, and painter's work for the buildings for $9,800, and that he also received from Baur a written estimate to furnish all the mason, iron, and brick work for $9,250, and that Schloen accepted these estimates. The testimony shows that the owner, Schloen, met Baur and Thornton at the house of Mr. Vollweiler, the architect, by appointment, to sign agreements. Mr. Vollweiler testifies: "I commenced to figure out how much each one would get when he had certain work completed. Then those gentlemen told me that they would not put me to that great bother to figure out everything separately; that they wanted to get through quick; and that I should write out the estimates for both in one agreement. *Question by the Court.* They would take one contract? *Answer.* Yes, sir; one contract. *Q.* And that is the way that contract came to be made? *A.* That is the way it came." The owner testified that he made payments, as the work progressed, to either Baur or Thornton, on the order of the architect. "*Question.* Did Thornton and Baur tell you that, when a payment was earned under this contract, it made no difference to whom you paid the money, whether it was to Thornton or Baur? *Answer.* Well, they said that, if the money should be paid, they would divide it among themselves. *Q.* Did they tell you that, when a payment was made due under this contract, it did not make any difference who you paid it to,—whether you paid it to Thornton or to Baur? *A.* Well, they said that to me; yes, sir." Baur testifies that there was no understanding between him and Thornton about dividing the money on the payments, except that he was to get $9,800, and Thornton was to get

$9,250, and that they did not intend to be partners. The installments to be paid under the contract, it is well to note, are in such amounts as not to be susceptible of application to make up the amount of the estimate or offer of either Baur or Thornton without dividing them up, and the periods in the progress of the work designated for the maturity of the several installments, in almost every case, involve and require the performance of mason as well as carpenter work. When Baur and Thornton made out their notice of lien, they described themselves as the contractors who had performed the work and furnished the materials, and they described their claim as arising under the written agreement of August 13, 1890, by which they were to be paid $19,050, and that there remained unpaid the sum of $5,250. This notice of lien was signed and verified by both of them, and there is not an intimation in it of each of them having a separate contract with the owner, and being, respectively, entitled to balances due on such separate contracts, as Baur now claims. Again, in the assignment by Thornton to Baur of his interest in the lien, Thornton describes himself and Baur as claimants for the sum of $5,050; in the agreement (Exhibit 12) the assignment of Thornton's interest in the lien is recited as amounting to above $2,700, the balance belonging to said Baur.

Now, while it is true that both Baur and Thornton testified that they had no intention of becoming partners, still we are decidedly of the opinion that the oral evidence, in conjunction with the documentary evidence, is all-sufficient to sustain the finding of the learned trial judge that Baur and Thornton were partners in the erection of the buildings in question. The mere fact, if it is a fact, that they had agreed between themselves what work each should do, and what share of the total sum to be paid should be received by each, does not make them any the less joint contractors, as far as the work in question is concerned. It was at their suggestion that a joint contract was made by which they jointly undertook to do the work, without an intimation in it of any private understanding that each was only to be responsible for the work on which he had estimated, and the payments were arranged to be made on the basis of a joint undertaking. We do not think that the lien was defective, in that it only named Thornton as the party to whom the materials were furnished. It is true that plaintiffs sold to him in the first instance, and gave him the credit, but, on finding that he had a partner jointly interested with him in the contract to build, plaintiffs' claim and remedy was as well against such undiscovered partner. This principle is too well settled to leave room for argument. Plaintiffs having their remedy against both Baur and Thornton as joint contractors, we fail to see how their failure to insert Baur's name in their notice of lien can invalidate the lien. No one was prejudiced thereby. The owner had notice, Thornton had notice, and notice to him was notice to his co-contractor Baur, and there is no pretense that any one was misled or any interest injuriously affected by the omission to insert Baur's name in plaintiffs' lien. Section 25 of the lien law directs that the statute shall be construed liberally, and that a substantial compliance with its several provisions shall be sufficient for the validity of the lien, and to give jurisdiction to the courts to enforce the same. We are of the opinion that the provisions of the statute were substantially complied with. Certainly, we do not think that the appellant Baur can be heard to complain that it was not, when we remember that the furnishing of the timber and lumber by plaintiffs was essential to the progress of the building, so that Baur might be entitled to claim that any installment had become due and payable by the terms of the contract. Baur and Thornton being the contractors with the owner, the lien of the plaintiffs, as subcontractors, by the provisions of section 20 of the lien law, had priority over that of Baur and Thornton, and was first entitled to be paid, before any portion of the fund deposited could be paid to Baur and Thornton. It follows, therefore, that any assignment to Baur by Thornton

of his interest in the lien filed by them both was subject to the prior rights of the plaintiffs as subcontractors, by virtue of their lien, and could not affect their right to priority of payment.

The learned counsel for the appellant raises the point before us that the trial judge had no power or right, after the rendition of his decision, to sign any other or different findings than those previously settled and signed by him upon request of both parties. We are somewhat at a loss to discover the applicability of this proposition to the case before us. If, by it, it is intended to maintain that the trial judge is limited, in any decision that he may make, to the finding or refusing to find on the propositions that may be submitted to him by the attorneys for both parties, we cannot assent to such a contention. The trial judge, when he renders his decision, must state separately the facts found and conclusions of law. Section 1022, Code Civil Proc. It is then provided by section 1023 that either party may submit a statement of facts which he deems established by the evidence, and of rulings on questions of law which he desires, and the court must pass upon them. This is precisely what the appeal-book shows to have been done. These sections of the Code, with rule 32, were intended to prevent the making of additional findings and conclusions after passing upon the requests to find of both parties, and the rendition of its decision by the court. We cannot see that this provision has been violated, or that the trial judge has in any manner transcended his powers. None of the other objections urged by the learned counsel for the appellants seem to us to have any weight, or to call for any discussion.

The judgment appealed from should be affirmed, with costs.